UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA CAMPOS-ACOSTA, | |
| Plaintiff, | |
| v. | C18-1805 TSZ |
| RED ROBIN INTERNATIONAL INC, | MINUTE ORDER |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion for summary judgment, docket no. 38, is DENIED. In this case, the parties agree that plaintiff and her husband filed a voluntary petition for bankruptcy protection on July 29, 2011, and that their Chapter 13 plan was confirmed on December 30, 2011. Almost four years later, on December 29, 2015, plaintiff was injured while at one of defendant's restaurants in Des Moines, Washington. Plaintiff and her husband received a discharge in bankruptcy on May 10, 2017. Defendant contends that, because plaintiff did not disclose her tort claim during the course of the bankruptcy proceedings, she should be judicially estopped from litigating this matter. Defendant has not made the requisite showing for the Court to rule, as a matter of law, that judicial estoppel is warranted.[1]

---

[1] Courts have reached divergent conclusions concerning whether a Chapter 13 bankruptcy debtor must disclose a tort or other claim that accrues post-confirmation, but before discharge. *See* K.M. Lewis & Paul M. Lopez, *Recent Developments in Estoppel and Preclusion Doctrines in Consumer Bankruptcy Cases*, 66 OKLA. L. REV. 459, 492 (2014). The Eleventh Circuit has held that assets acquired post-confirmation are not property of the Chapter 13 bankruptcy estate

MINUTE ORDER - 1

(2)     The parties are DIRECTED to meet and confer and to file a Joint Status Report within twenty-eight (28) days of the date of this Minute Order concerning the status of discovery and when the parties anticipate being prepared to try this case.

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 8th day of June, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

unless they are necessary to fulfill the bankruptcy plan.  *See* *Muse v. Accord Human Res., Inc.*, 129 F. App'x 487, 488 (11th Cir. 2005) (citing *Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1340 (11th Cir. 2000) (adopting the "estate transformation" approach to resolving the conflict between 11 U.S.C. § 1306(a) and 11 U.S.C. § 1327(b))).  The Ninth Circuit has acknowledged the decision in *Telfair*, but has not yet opted between various doctrines addressing the interplay between § 1306(a) and § 1327(b).  *See* *Cal. Franchise Tax Bd. v. Kendall (In re Jones)*, 657 F.3d 921, 927-28 (9th Cir. 2011).  Commentators have observed that the "existence of doctrinal uncertainty regarding whether a debtor is duty-bound to disclose a cause of action that arises post-confirmation is a factor that strongly weighs against the application of judicial estoppel."  66 Okla. L. Rev at 493.

MINUTE ORDER - 2